**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

THOMAS BACON,

          Plaintiff,

    v.

LYDELL SHEERER, et al.

          Defendants.

CIVIL ACTION NO. 06-0504
(DRD)

**OPINION**

Appearances

THOMAS BACON
#983844-B
Northern State Prison
168 Frontage Road
P.O. Box 2300
Newark, New Jersey 07114
    *Plaintiff, Pro Se*

SARAH B. CAMPBELL
Deputy Attorney General
State of New Jersey Office of the Attorney General
Department of Law and Public Safety
Division of Law
25 Market Street
PO Box 112
Trenton, New Jersey 08625-0112
    *Attorney for Defendants Lydell Sheerer, SCO Sergeant Ortiz, and SCO Sergeant James*

***OPINION***

**DEBEVOISE, Senior District Judge**

    The Complaint in this action, brought pursuant to 42 U.S.C. § 1983, alleges the use of

excessive force against a prisoner in violation of his Eighth Amendment rights.  Plaintiff, is an

inmate of the New Jersey Department of Corrections, currently confined to Northern State

Prison.  Defendants are Administrator Lydell Sheerer ("Sheerer"), State Corrections Officer

Sergeant Ortiz ("Ortiz"), and State Corrections Officer Sergeant James ("James").  Defendants

are state employees assigned to Northern State Prison.  Plaintiff alleges that on or about August

19, 2005, Ortiz and James used excessive force by unjustifiedly spraying Plaintiff with a large

amount of pepper spray and denying him immediate medical treatment thereafter.  Plaintiff

alleges that Sheerer is liable because he either knew or should have known that acts of this nature

were common practice, yet did not act to prevent them.  Presently before the Court is

Defendants' motion for partial dismissal pursuant to Fed. R. Civ. P. 12(b)(6).  Defendants base

their motion on the following points: (1) the Eleventh Amendment bars claims against State

Defendants in their official capacities; (2) Plaintiff's Complaint against Sheerer is improperly

based on a theory of *respondeat superior*; and (3) Plaintiff's claim for punitive damages is

deficient because there is no evidence of Defendants' evil motive or callous indifference.  For the

reasons stated below, Defendants' motion will be denied.

## *FACTS AS ALLEGED IN THE COMPLAINT*

Plaintiff is confined to the Administrative Separation Unit of Northern State Prison.  On

or about August 19, 2005, Plaintiff and a number of other inmates were in the Prison's recreation

yard when Ortiz, James, and several other corrections officers appeared in full riot gear.  Plaintiff

alleges that Ortiz suddenly ordered the inmates to return to the Administrative Segregation Unit

for "no apparent reason."  Plaintiff further alleges that when several inmates asked why they were

being ordered to return to their cells, Ortiz ordered James to douse the prisoners with pepper

spray.  Ortiz and James then sprayed Plaintiff with an excessive amount of pepper spray, causing

temporary blindness, burning of the skin, and choking.  Plaintiff alleges that after being sprayed

he began to suffer from "complications of an overt asthma-attack," and requested medical

attention from staff members.  He did not receive medical attention, but was instead ordered back

to his cell.  Since this event, Plaintiff claims he has experienced complications with his vision,

and has required corrective eyewear.  Plaintiff additionally alleges that Sheerer, the Prison

Administrator, acquiesced in the conduct described above, and that his failure to prevent acts

and/or practices of this nature renders him liable for Plaintiff's injuries.

On January 12, 2006, Plaintiff filed the Complaint in the instant action.  He seeks the

following forms of relief: declaratory judgment stating that Defendants' actions violated his

federal and state constitutional rights; compensatory damages for deprivation of medical care;

injunctive relief from further assaults and excessive pepper spraying; and punitive damages.

### DISCUSSION

A.     Standard for Dismissal - 12(b)(6)

Defendants argue that Plaintiff's complaint should be dismissed pursuant to Fed. R.Civ.

P. 12(b)(6) for failure to state a claim upon which relief may be granted.  Rule 12(b)(6) states in

part:

> Every defense, in law or fact, to a claim for relief in any pleading,
> whether a claim, counterclaim, cross-claim, or third-party claim, shall
> be asserted in the responsive pleading thereto if one is required,
> except that the following defenses may at the option of the pleader be
> made by motion: ...(6) failure to state a claim upon which relief can

3

be granted...

In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir.1992).  Pursuant to Rule 12(b)(6), a complaint shall be dismissed for failure to state a claim upon which relief can be granted only if a court finds "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 46 (1957); Johnsrud v. Carter, 620 F.2d 29, 33 (3d Cir. 1980); Craftmatic Sec. Litig. v. Kraftsow, 890 F.2d 628, 634 (3d Cir. 1989).

Allegations contained in the complaint will be accepted as true, Cruz v. Beto, 405 U.S. 319, 322 (1972), and the plaintiff shall be "given the benefit of every favorable inference that can be drawn from those allegations." Schrob v. Catterson, 948 F.2d 1402, 1405 (3d Cir. 1991).  The court is limited to facts contained and alleged in the complaint and may not consider facts raised for the first time by parties in legal briefs.  Hauptmann v. Wilentz, 570 F. Supp. 351, 364 (D.N.J. 1983), aff'd without opinion, 770 F.2d 1070 (3d Cir. 1985).  The Court will accept the alleged facts as true and view them in the light most favorable to the non-moving party.  Doug Grant, Inc. v. Greate Bay Casino Corp., 232 F.3d 173, 183-84 (3d Cir. 2000).   The question the Court must answer is not whether Plaintiff will prevail, but rather whether there are any circumstances that would entitle him to relief.  Hishon v. Spalding, 467 U.S. 69, 73 (1984).

B.      Sovereign Immunity

Defendants argue that as State employees, being sued in their official capacities, they are not "persons" subject to liability under the meaning of 42 U.S.C. 1983.  (Citing Will v. Michigan

4

Dept. of State Police, 491 U.S. 58, 70-71 (1989)).  The Eleventh Amendment to the United States Constitution provides that, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State."  As a general proposition, a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute. See Edelman v. Jordan, 415 U.S. 651, 663 (1974).

The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought.  Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984). Similarly, absent consent by a state, the Eleventh Amendment bars federal court suits for money damages against state officers in their official capacities.  See Kentucky v. Graham, 473 U.S. 159, 169 (1985). Section 1983 does not override a state's Eleventh Amendment immunity. Quern v. Jordan, 440 U.S. 332 (1979).  In addition, neither states, nor governmental entities that are considered arms of the state for Eleventh Amendment purposes, nor state officers sued in their official capacities for money damages are persons within the meaning of § 1983.  Will 491 U.S. at 64, 70-71 and n. 10 (1989).

In the instant action, the Complaint fails to specify whether Defendants are being sued in their official or individual capacities.  If Defendants were being sued in their official capacities, sovereign immunity might apply.  However, as Plaintiff is proceeding pro se, the Court will interpret the complaint liberally as charging Defendants in their individual capacities. Additionally, even if Plaintiff originally intended to sue Defendants in their official capacities, he

would be permitted to amend the Complaint in order to cure this deficiency. Defendants sovereign immunity argument will be denied on that basis.

C. _Respondeat Superior_

Defendants additionally argue that the claims against Sheerer should be dismissed because he did not have any personal involvement in the allegations made by the Plaintiff. Defendants contend that Plaintiff's claim against Sheerer is improperly based solely on a theory of _respondeat superior_, and should therefore be dismissed.

A supervisor incurs Section 1983 liability in connection with the actions of another only if he or she had "personal involvement in the alleged wrongs." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). The Court of Appeals has stated that "[p]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Id. "A supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations." A.M. ex rel. J.M.K. v. Luzerne County Juvenile Detention Center, 372 F.3d 572, 586 (3d Cir. 2004). Individual defendants who are policymakers may be liable under § 1983 if it is shown that such defendants, "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." Id.

In the instant action, Plaintiff alleges that Sheerer "either knew or should have known" that the corrections officials at the prison were engaged in the practice of excessively administering pepper spray. Defendants ask the court to grant "summary judgment" on this

point.  However, there is no evidence to support Defendants' argument that Sheerer's role was merely that of general supervisor over the prison, and that he had no knowledge of Ortiz and James's activities.  The court, in construing the Complaint liberally in favor of the Pro Se Plaintiff, must rely solely on the facts as alleged.  If the prison's corrections officers were indeed engaged in a pattern of using excessive force, and Sheerer knew but did nothing to prevent it, then he might be liable.  Defendants' argument is therefore without merit.

D.    Punitive Damages

Lastly, Defendants argue that Plaintiff's demand for punitive damages must be dismissed because there is no evidence that Defendants acted with an evil motive or callous indifference to a federally protected right.  "The purpose of punitive damages is to punish the defendant for his willful or malicious conduct and to deter others from similar behavior."  Memphis Community School Dist. v. Stachura, 477 U.S. 299, 306 n.9 (1986).  "A jury may be permitted to assess punitive damages in an action under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others."  Smith v. Wade, 461 U.S. 30, 56 (1983).  "While the Smith Court determined that it was unnecessary to show actual malice to qualify for a punitive award . . . , its intent standard, at a minimum, required recklessness in its subjective form. The Court referred to a 'subjective consciousness' of a risk of injury or illegality and a '"criminal indifference to civil obligations."'  Kolstad v. American Dental Ass'n, 527 U.S. 526, 536 (1999).

For a plaintiff in a section 1983 case to qualify for a punitive award, "the defendant's conduct must be, at a minimum, reckless or callous. Punitive damages might also be allowed if

the conduct is intentional or motivated by evil motive, but the defendant's action need not

necessarily meet this higher standard." Savarese v. Agriss, 883 F.2d 1194, 1204 (3d Cir. 1989).

At the present stage of the proceedings, the Court must accept as true the allegations

contained in the complaint.  Plaintiff alleges that Ortiz and James "recklessly engaged in conduct

toward Plaintiff by repeatedly and maliciously spraying the Plaintiff about the head and body...."

If proven, these facts might justify an award of punitive damages.  Defendants have not

presented any evidence to the contrary, and therefore this argument is also without merit.


### *CONCLUSION*

_____In light of the foregoing considerations, Defendants' motion to dismiss the Complaint for

failure to state a claim upon which relief can be granted will be denied.

/s/ Dickinson R. Debevoise
Dickinson R. Debevoise, U.S.S.D.J.

Dated: August 14, 2006

8