<u>**NOT FOR PUBLICATION**</u>

                                                                    <u>**CLOSED**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Thomas Bacon, | |
|     Plaintiff, | Civil Action 06-0504 (DRD) |
| v. | **OPINION** |
| Lydell B. Sheerer, SCO Sgt. Ortiz, SCO Sgt. James, | |
|     Defendants. | |

Appearances by:

Thomas Bacon
402331-983844B
Northern State Prison
4-Wing
168 Frontage Road
P.O. Box 2300
Newark, NJ 07114

    *Pro Se Plaintiff*

Sarah Brie Campbell, Esq.
Office of the NJ Attorney General
Department of Law & Public Safety
Richard J. Hughes Justice Complex
P.O. Box 112
Trenton, NJ 08625

    *Attorney for Defendants*

**Debevoise, Senior District Judge**

Before this Court is Plaintiff Thomas Bacon's ("Bacon") motion for reconsideration of the United States Magistrate Judge's denial of Mr. Bacon's application for appointment of *pro bono* counsel, which the Court will treat as an appeal of the United States Magistrate Judge's Order. After reviewing the 46-page document which Mr. Bacon submitted in support of his appeal, the Court finds that Mr. Bacon is capable of presenting his own case. The Court will, therefore, affirm the Order.

On March 20, 2006, Mr. Bacon's application to proceed *in forma pauperis* was granted, which allows him to proceed with his complaint without payment of fees under 28 U.S.C.A. § 1915. His complaint alleges use of excessive force while incarcerated in violation of his constitutional rights under 42 U.S.C.A. § 1983, as well as the failure of prison officials to prevent these acts against him. In addition, Mr. Bacon's appeal alleges that in attempting to proceed pro se he is being denied access to equipment, materials and paralegal assistance.

The Supreme Court of the United States has determined that, although prisoners have a right of access to the courts, there is no automatic right of access to a law library or to legal assistance. See Lewis v. Casey, 518 U.S. 343, 350 (1996). Although Mr. Bacon's access to paralegal assistance, legal materials, equipment and supplies is limited because he is in an administrative segregation unit, the fact that he was able to file his motion, including the underlying documents, shows that he is being provided with adequate access to the courts.

Additionally, civil litigants have neither a constitutional right, nor a statutory right, to be represented by counsel. See 28 U.S.C.A. § 1915(e)(1). See also U.S. v. 30.64 Acres of Land, 795 F.2d 796, 801 (9th Cir. 1986); Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993); Parham v. Johnson, 126

F.3d 454 (3d Cir. 1997). A district court may, however, "request an attorney to represent any person unable to employ counsel." See 28 U.S.C.A. § 1915(e)(1). The Court of Appeals has provided the courts with guidance in making such a determination. Before appointing *pro bono* counsel, the court must first decide whether the "plaintiff's claim has some merit in fact and law." Parham, 126 F.3d at 457 (citations omitted).

> If the district court determines that the plaintiff's claim has some merit, then the district court should consider the following factors:
>
> (1) the plaintiff's ability to present his or her own case;
> (2) the complexity of the legal issues;
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
> (4) the amount a case is likely to turn on credibility determinations;
> (5) whether the case will require the testimony of expert witnesses;
> (6) whether the plaintiff can attain and afford counsel on his own behalf.

Id. at 458.

In Parham, however, the Court of Appeals also cautions the district courts to "exercise care in appointing counsel because volunteer lawyer time is a precious commodity." Id.

In reviewing the 46-page document that Mr. Bacon has submitted in support of his appeal, the Court finds that Mr. Bacon is more than able to present his own case. He is articulate and able to express himself through the written word. He has drafted and served interrogatories and requests for production of documents on his adversaries and he has certified service to them. He has filed courtesy copies with the court. Mr. Bacon has competently interacted with both the court and his adversaries.

While the issues submitted are important to Mr. Bacon, they are not complex. No expert

3

witnesses are needed to assist in understanding the facts.  Little, if any, factual investigation is required because his case turns mainly on credibility determinations.  Mr. Bacon is capable of investigating and presenting the facts.

In weighing Mr. Bacon's request for counsel against the limited resource of pro bono assistance, the Court finds that the Magistrate Judge appropriately assessed and reviewed Mr. Bacon's application and correctly concluded that Mr. Bacon is able to proceed on his own in presenting his case before the courts.  Her order will be affirmed.  An order follows.


/s/  Dickinson R. Debevoise
Dickinson R. Debevoise, U.S.S.D.J.

Date: _____