<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

THOMAS BACON,

                Plaintiff,

v.

LYDELL SHERRER; FRANKIE JAMES;
and RODOLFO ORTIZ,

                Defendants.

Civ. No. 06-0504 (DRD)

**O P I N I O N**

*Appearances by:*

THOMAS BACON
Southwoods State Prison
215 Burlington Road, So.
Bridgeton, NJ  08302

    *Pro Se Plaintiff*

ANNE MILGRAM
ATTORNEY GENERAL OF NEW JERSEY
by: Sarah B. Campbell, Esq.
    Deputy Attorney General
R.J. Hughes Justice Complex
P.O. Box 112
Trenton, NJ  08625

    *Attorney for Defendant*s

**<u>DEBEVOISE, Senior District Judge</u>**

Defendants, Lydell Sherrer, the former Administrator of Northern State Prison in Newark, New Jersey, Sergeant Frankie James, and Sergeant Rodolfo Ortiz, both corrections officers at Northern State Prison, have moved for summary judgment, pursuant to Federal Rule of Civil Procedure 56(c), on Plaintiff's pro se complaint.[1]  Plaintiff, Thomas Bacon, a former inmate of Northern State Prison, who is currently incarcerated at Southwoods State Prison, has brought this action under 42 U.S.C. § 1983.  His complaint alleges that Sergeants James and Ortiz violated his Eighth Amendment right to be free from the use of excessive force by maliciously, and without out cause, dousing him with pepper spray, which resulted in serious injury to Bacon. Bacon further alleges that Administrator Sherrer knew or should have known of the guards' practice of excessively administering pepper spray and should be held liable for his injuries.  The complaint seeks declaratory and injunctive relief, compensatory damages and punitive damages.

Because issues of fact exist on Bacon's § 1983 claim for use of excessive force and claim for punitive damages, Defendants' motion for summary judgment will be denied as to Sergeants Oritz and James.  However, summary judgment will be granted in favor of Administrator Sherrer.

## I. BACKGROUND

On August 19, 2005, Bacon was in the 4-wing recreation yard of Northern State Prison ("NSP").  For no reason that was apparent to Bacon, NSP guards, including Sergeant Ortiz and Sergeant James, entered the recreation yard in dressed full riot gear.  Sergeant Ortiz began ordering individual inmates to return to their cells.

---

[1] Plaintiff's motion to amend his complaint was denied on March 18, 2008.

According to Bacon, in response to inmates' questions as to why they were being returned to their cells, Sergeant Ortiz ordered Sergeant James to spray the inmates with pepper spray and not stop until Sergeant Ortiz said so.  Bacon then claims that he was soaked from head to toe with pepper spray shot by both Sergeant Ortiz and Sergeant James.  Bacon alleges that as he was being sprayed, Sergeant James yelled: "Hey Bacon, you look as if you been in a wet T-shirt contest!"  (Compl. at 7.)   Bacon was then handcuffed and escorted back to his assigned cell.

Bacon claims to have suffered severe pain as a result of being sprayed with pepper spray.  He claims that the pepper spray burned his skin and eyes, causing temporary blindness, coughing and choking, and complications associated with an overt asthma attack.  He maintains that he requested medical attention, but that his requests were ignored and that he received no medical attention on that day.  Since the incident, Bacon has been treated by medical professionals and was given corrective eye wear.  Bacon alleges that even with the corrective eye wear, he continues to have difficulty seeing properly.

Defendants, on the other hand, submit that pepper spray was used to gain control over unruly inmates in the 4-wing recreation yard and in order to prevent a situation that had the potential to become an inmate uprising.  Defendants allege that an emergency code was called in response to an inmate assault in the 1-wing recreation yard and that NSP staff members believed that the inmates in the 4-wing recreation yard were attempting to incite the inmates in the 1-wing yard.  Due to the emergent situation in the 1-wing yard, Sergeant Ortiz began ordering the inmates in the 4-wing yard to return to their cells.

Defendants do not dispute that the corrections officers were dressed in riot gear or that pepper spray, or some other chemical agent, was used on the inmates in Bacon's recreational

yard. Defendants further admit that showers were cancelled that day; that the waters to cells was cut off because NSP staffed believed that the inmates were intentionally attempting to flood their cells; and that Bacon was denied an emergency medical pass. Defendants contend however, that the medical pass was denied by some other member of NSP staff and not by Sergeant Ortiz or Sergeant James.

Finally, Defendants allege that Bacon submitted a Health Services Request Form on August 23, 2005, but later refused the medical treatment that was offered to him. Bacon was eventually treated by a nurse at NSP on September 14, 2005 and all subsequent requests for medical treatment relating to his vision have been addressed by NSP medical staff.

Construing Bacon's Complaint liberally, the Court found in an August 14, 2006, opinion that the complaint stated a cause of action against Administrator Sherrer on a respondeat superior liability theory on the basis that the Complaint alleged that Administrator Sherrer either knew or should have known that NSP corrections officers were engaged in a practice of excessively administering pepper spray. The Court also found that the Eleventh Amendment did not bar any of Bacon's claims for relief and that the allegations of the Complaint, if proven, could justify an award of punitive damages.

## II. DISCUSSION

Defendants have submitted the instant motion for summary judgment, arguing that the § 1983 claims in Bacon's complaint should be dismissed because the actions of Sergeants Ortiz and James were reasonable under the circumstances and not in violation of Bacon's Eight Amendment rights and because Administrator Sherrer had no personal involvement or

knowledge of the incident.[2] Bacon has submitted no opposition to Defendants' motion for summary judgment. Despite the lack of opposition, the Court will not grant summary judgment in favor of Defendants unless they are able show that no issue of material fact needs to be resolved by trial. Because Sergeants Ortiz and James have not met this burden, their motion for summary judgment will be denied. However, summary judgment will be granted in favor of Administrator Sherrer.

**A. Standard of Review under Federal Rule of Civil Procedure 56(c)**

Summary judgment is proper where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). For an issue to be genuine, there must be "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party." Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006). For a fact to be material, it must have the ability to "affect the outcome of the suit under governing law." Id. Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.

On a summary judgment motion, the moving party has the burden of showing that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When the moving party does not bear the burden of proof at trial, the moving party may discharge its burden by showing that there is an absence of evidence to support the non-moving party's case.

---

[2] The Complaint does not specify whether Defendants are being sued in their official or individual capacities. Because pro se complaints should be construed liberally, the Court assumes that Bacon is seeking compensatory and punitive damages from Defendants in their individual capacity and injunctive and declaratory relief from Defendants in their official capacity. Therefore, the Eleventh Amendment does not bar any of Bacon's claims against Defendants.

Id. at 325. If the moving party can make such a showing, then the burden shifts to the non-moving party to present evidence that a genuine, fact issue exists and a trial is necessary. Id. at 324. In meeting its burden, the non-moving party must offer specific facts that establish a genuine issue of material fact, not just simply create "some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

In deciding whether an issue of material fact exists, the Court must consider all facts and their reasonable inferences in the light most favorable to the non-moving party. See Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995). The Court's function, however, is not to weigh the evidence and determine the truth of the matter, but rather to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249. If there are no issues that require a trial, then judgment as a matter of law is appropriate.

**B. Section 1983 Causes of Action**

Section 1983 provides a federal cause of action to any person who is deprived of "any rights, privileges, or immunities secured by the Constitution and laws" by another person who is acting under the color of state law. 42 U.S.C. § 1983. Therefore, in order to prove his § 1983 claims against Defendants, Bacon must show that they were acting under color of state law and that while acting under color of state law, they deprived him of a right secured by the Constitution or federal law. See Gomez v. Toledo, 446 U.S. 635, 640 (1980); Groman v. Township of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995). For a § 1983 claim to survive a motion for summary judgment, there must be a genuine issue of fact as to whether the defendant was acting under color of state law or whether the defendant deprived the plaintiff of a federal right. Groman, 47 F.3d at 633.

In this case there is no question that Defendants were acting under color of state law at all relevant times. As employees of New Jersey's Department of Corrections, Defendants can be considered state actors for § 1983 purposes. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 935 n.18 (1982) ("[S]tate employment is generally sufficient to render the defendant a state actor."). However, the question remains whether any of Bacon's federal or constitutionally protected rights have been violated.

### *(1) Use of Excessive Force*

The Eighth Amendment protects inmates from cruel and unusual punishment, including the use of excessive force. To survive a motion for summary judgment on an excessive use of force claim, a plaintiff must set forth specific facts showing that force was applied "maliciously and sadistically to cause harm," as opposed to, "in a good faith effort to maintain or restore discipline." Hudson v. McMillian, 503 U.S. 1, 7 (1992). This showing breaks down into two components, one subjective and the other objective. First, the subjective component requires the plaintiff to show that "officials acted with a sufficiently culpable state of mind," id. at 8, or in other words, that the defendants' actions were wanton or obdurate given the circumstances surrounding their conduct, see Wilson v. Seiter, 501 U.S. 294, 299-300 (1991).

Second, the objective component requires a plaintiff to show that the alleged wrongdoing was "harmful enough to establish a constitutional violation." Hudson, 503 U.S. at 8. The injury inflicted does not need to be significant, because the "focus is on the force used, as opposed to the injury inflicted," Brooks v. Kyler, 204 F.3d 102, 104 (3d Cir. 2000), but it must be more than de minimus, Hudson, 503 U.S. at 10. Indeed, the Court of Appeals has held that "there is no fixed minimum quantum of injury that a prisoner must prove that he suffered through objective

or independent evidence in order to state a claim of wanton and excessive force." Brooks, 204 F.3d at 104.

Defendants contend that given the emergent situation in the 1-wing recreation yard, the use of force against the inmates in the 4-wing recreation yard was not excessive, but rather an appropriate and measured response to the inmates' inciting behavior and refusal to return to their cells. Even though Bacon has submitted no opposition to the instant motion, he was deposed by Defendants' attorney. During his deposition, Bacon stated that the inmates in his recreational yard never refused to leave the yard and return to their cells. (Bacon Dep. 21:23-22:1, Ex. A to Campbell Aff.) Bacon further stated that after being sprayed with pepper spray he experienced burns to his face and eyes and has had continued problems with his vision. (Bacon Dep. 28:10-29:14, 30:15-22.)

Bacon's sworn statements create an issue of fact. If a jury were to believe his version of the events—that nothing unusual was occurring in his recreational yard and that no inmates refused to return to their cells—then it would be possible for a jury to conclude that Sergeants Ortiz and James acted with a culpable state of mind when they shot the inmates with pepper spray because, according to Bacon, there was no reason for the corrections officer to administer pepper spray. In addition, if a jury were to believe Bacon's account of his injuries, then it would be possible for a jury to conclude that his injuries were harmful enough to establish a constitutional violation. Therefore, because it would be possible for a jury to conclude that Sergeants Ortiz and James used pepper spray maliciously and sadistically to cause harm, instead of in a good faith effort to maintain discipline, Defendants' motion for summary judgment on Bacon's § 1983 claim for use of excessive force will be denied. However, should it be revealed

8

through additional factual development that no such issue of fact exists, a grant of summary judgment may be appropriate.

### (2) Qualified Immunity

Sergeants Ortiz and James are not entitled to summary judgment on the basis of qualified immunity. Qualified immunity is a defense available to government officials that, in certain cases, shields them from liability for actions taken in the course of their duties. Doe v. Groody, 361 F.3d 232, 237 (3d Cir. 2004). In order for a defendant to be immune from liability, the Court must find that the defendant's conduct has not violated any clearly established statutory or constitutional right. Wilson v. Layne, 526 U.S. 603, 614 (1999). If, however, the Court finds that a reasonable official would have known that the alleged conduct was in violation of a clearly established federal right, then immunity is forfeited. A right is "clearly established" when its contours are sufficiently defined, such that "a reasonable official would understand that what he is doing violates that right." Shea v. Smith, 966 F.2d 127, 130 (3d. Cir. 1992).

In this case, if Bacon's version of the events is believed, then there is no question that Sergeants Ortiz's and James's use of pepper spray violated the clearly established right of an inmate to be free from the use of excessive force. Indeed, on August 19, 2005, the date of the recreation yard incident, the contours of the Eighth Amendment right to be free from the use of excessive force were sufficiently defined so that a reasonable corrections officers would have understood that the unjustified spraying an inmate with pepper spray would constitute an excessive use of force. See, e.g., Soto v. Dickey, 744 F.2d 1260, 1270 (7th Cir. 1984) ("[I]t is a violation of the Eighth Amendment for prison officials to use mace or other chemical agents in quantities greater than necessary or for the sole purpose of punishment or the infliction of pain.");

9

Foulk v. Charrier, 262 F.3d 687, 701-02 (8th Cir. 2001) (finding that an application of pepper spray when an inmate is being compliant can constitute an Eighth Amendment violation). Therefore, Sergeants Ortiz and James cannot be shielded from liability by the defense of qualified immunity.

### (3) Failure to Protect

The Eighth Amendment's proscription against cruel and unusual punishment is also violated when prison officials fail to protect the health and safety of prison inmates. To survive a motion for summary judgment on a failure to protect claim, a plaintiff must produce evidence that he is incarcerated under conditions posing a substantial risk of serious harm and that prison officials acted with deliberate indifference. See Farmer v. Brennan, 511 U.S. 825, 837 (1994); Beers-Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir. 2001). Prison officials act with deliberate indifference when they know of, and disregard, an excessive risk to the heath or safety of an inmate; it is not enough that a prison official should have been aware of some risk to prison inmates. Beers-Capitol, 256 F.3d at 133.

Bacon's complaint alleges that Administrator Sherrer was deliberately indifferent to the wrongful acts of the other defendants; however, Bacon has offered no evidence to show that Administrator Sherrer knew of, or disregarded, any risk to the health and safety of NSP inmates caused by the corrections officers' practice of excessively administering pepper spray. The conclusory allegations of Bacon's complaint are not sufficient to withstand a motion for summery judgment. Therefore the § 1983 claims against Administrator Sherrer will be

10

dismissed.[3]

**C. Punitive Damages**

In addition to compensatory damages, Bacon is seeking punitive damages from Sergeants Ortiz and James. Punitive damages are not awarded as compensation for injury; rather they are awarded for the dual purpose of punishing the wrongdoer and deterring future violations. In a § 1983 action, a jury may award punitive damages when a "defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." Smith v. Wade, 461 U.S. 30, 56 (1983); Keenan v. City of Phila., 983 F.2d 459, 470 (3d Cir. 1992).

If Bacon's version of the recreation yard incident is believed by a jury, then it would be possible for the jury to conclude that Sergeants Ortiz and James were motivated by an evil intent or motive, if not at least recklessly indifferent to Bacon's right to be free from the excessive use of force, when they sprayed him with pepper spray. Because Bacon's sworn statements in his deposition create an issue of fact as to Sergeants Ortiz's and James's motive, Bacon's claim for punitive damages cannot be dismissed. Therefore Defendants' motion for summary judgment on the issue of punitive damages will be denied.

### III. CONCLUSION

For the reasons set forth above, Defendants' motion for summary judgment will be

---

[3] To the extent that any of Bacon's claims against Administrator Sherrer may have been premised on a theory of respondeat superior liability, those claims are also dismissed. It is well established that in a § 1983 action, "liability cannot be predicated solely on the operation of respondeat superior" and Bacon has produced no evidence to show that Administrator Sherrer was personally involved in the allegedly unlawful conduct. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

granted in part and denied in part.  Summary judgment will be granted in favor of Administrator Sherrer and all claims against Administrator Sherrer will be dismissed.  Summary judgment will be denied on Bacon's § 1983 claim for use of excessive force and claim for punitive damages against Sergeants Ortiz and James.  The Court will enter an order implementing this opinion.


                                              /s/ Dickinson R. Debevoise
                                              DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated: April 1, 2008